**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

LUIS DELATORRES,

                              Petitioner**,**

                                                                              **Hon. Hugh B. Scott**
                                                                              08-CV-0183

                                v.                                                 **Decision**
                                                                                                     **&**
                                                                                                    **Order**

SUPER LEMPKE,
                              Respondent.

_____

      The petitioner, Luis Delatorres ("Delatorres"), seeks habeas corpus relief pursuant to 28 U.S.C. §2254 for a person in state custody.[1]

**Background**

      On March 20, 2003, Delatorres was convicted of rape in the first degree (Penal Law §130.35[1]), rape in the second degree (Penal Law §130.30[1]), sexual abuse in the first degree (Penal Law §130.65[1]), sexual abuse in the second degree (Penal Law §130.60[2]), and endangering the welfare of a child (Penal Law §260.10[2]). He was accused of sexually assaulting the 13-year old daughter of his live-in girlfriend. The alleged assault was witnessed in

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment (Docket No. 14).

part by the victim's grandmother.

At the time of his arrest, Delatorres was questioned by two police officers and he gave a statement. One of the two officers, Investigator Tom Donovan, spoke only English. The second officer, Sgt. Efrain Gonzalez, spoke both Spanish and English, but was not proficient in writing Spanish, only English. Delatorres primarily speaks Spanish, but Gonzalez testified that Delatorres appeared to understand some English. The statement attributed to Delatorres was written in English by Gonzalez and then signed by Delatorres. Gonzalez testified that the statement was his interpretation of what Delatorres had said in Spanish. During the trial, the victim and her grandmother both gave eye witness testimony regarding the alleged assault. Forensic evidence was also presented demonstrating that DNA matching the defendant had been extracted from semen found in a vaginal swab from a sample taken from the victim. On April 25, 2003, Delatorres was sentenced to 20 years based upon the conviction for rape in the first degree, 2 1/3 to 7 years for rape in the second degree, and one year each for sexual abuse in the first degree and endangering the welfare of a child. All sentences to run concurrent.

Delatorres appealed his conviction to the New York State Supreme Court, Appellate Division, Fourth Judicial Department ("Fourth Department"). In that appeal, he raised three separate grounds: (1) that the statements made by Delatorres were admitted into evidence by the trial court in error; (2) that Delatorres' right to due process and a fair trial and been denied to him in that the prosecution violated a discovery statute, N.Y.C.P.L. §240.20; and (3) that there was insufficient evidence to support a conviction for two of the indicted counts, Rape in the First Degree and Sex Abuse in the Second Degree. On November 17, 2006, the Fourth Department denied Delatorres' appeal. (Docket No. 1 at page 11). Delatorres filed for leave to appeal with

The State of New York, Court of Appeals on December 12, 2006. In that application, Delatorres asserted, for the first time, that he was denied effective assistance at trial and upon appeal (Docket No. 1 at page 14). Permission for leave to appeal was denied by The Court of Appeals on March 5, 2007. (Docket No. 1 at page 13).

Delatorres filed the instant petition for Writ of Habeas Corpus on March 3, 2008, raising two separate grounds for relief: (1) that he was denied the right of appeal by virtue of ineffective assistance of *appellate* counsel; and (2) that he was denied effective assistance of *trial* counsel.

## Discussion

**Timeliness**

Under 28 U.S.C. § 2244(d)(1), in as much as the petitioner did not file a petition for certiorari with The United States Supreme Court, he had one year and ninety days from the date of denial of his appeal to the New York State Court of Appeals in which to file the instant petition for habeas relief in the District Court. The petitioner's appeal to the New York Court of Appeals was denied on March 5, 2007. The instant petition was filed on March 3, 2008 and is therefore timely.

**Exhaustion**

In the interest of comity and in keeping with the requirements of 28 U.S.C. §2254(b), federal courts will not consider a constitutional challenge that has not first been "fairly presented" to the state courts. See Ayala v. Speckard, 89 F.3d 91 (2d Cir. 1996) citing Picard v. Connor, 404 U.S. 270, 275 (1971); Daye v. Attorney General of New York, 696 F. 2d 186, 191

(2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).  A state prisoner seeking federal habeas corpus review must first exhaust his available state remedies with respect to the issues raised in the federal habeas petition.  Rose v. Lundy, 455 U.S. 509 (1982).  To meet this requirement, the petitioner must have raised the question in a state court and put the state appellate court on notice that a federal constitutional claim was at issue.  See Grady v. Le Fevre, 846 F.2d 862, 864 (2d Cir. 1988); Petrucelli v. Coombe, 735 F.2d 684, 688-89 (2d Cir. 1984).

      The respondents assert that the petitioner's claim of ineffective appellate counsel has not been exhausted. The record supports this contention. This claim was not raised by the petitioner in his state court appeal to the Fourth Department.  A claim that the petitioner was denied his right to appeal by virtue of ineffective assistance of *appellate* counsel on his appeal to the Appellate Division must be raised by way of a  *coram nobis*  motion before the Appellate Division.  See People v. Bachert, 69 N.Y.2d 593 (1987).  The petitioner has not done so and therefore the issue is unexhausted for the purposes of habeas review.

      Despite this failure of the applicant to exhaust state court remedies, 28 U.S.C. § 2254(b)(2) provides the Court with discretion to *deny* (but not to grant) an application for a writ of habeas corpus on the merits.  Based upon the circumstances presented in this case, the Court finds it appropriate to address the merits of this petition.

**Standard of Review**

      State court findings of historical facts, and inferences drawn from those facts, are entitled to a presumption of correctness.  Matusiak v. Kelly, 786 F.2d 536, 543 (2d Cir.), cert. denied, 479 U.S. 805 (1986); see also 28 U.S.C. § 2254(e)(1) (stating that "a determination of a factual

issue made by a State court shall be presumed to be correct.") As amended by the Antiterrorism and Effective Death Penalty Act of 1996[2] ("AEDPA"), § 2254(d) of Title 28 provides that a habeas corpus petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of that claim:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. The presumption of correctness attaches to findings both by state trial courts and by state appellate courts. Smith v. Sullivan, 1 F. Supp. 2d 206, 210 (W.D.N.Y. 1998) (Larimer, C.J.); Nevius v. Sumner, 852 F.2d 463, 469 (9th Cir. 1988), cert. denied, 490 U.S. 1059 (1989).

In enacting AEDPA, Congress intended to heighten the deference given to state court determinations of law and fact. As noted by District Judge David G. Larimer in Smith, AEDPA "has clearly raised the bar for habeas petitioners, placing on them the burden to show by clear and convincing evidence that the state court decision was defective in some way." Smith, 1 F. Supp. 2d at 210. AEDPA "requires federal courts 'to give greater deference to the determinations made by state courts than they were required to do under the previous law.'" Ford v. Ahitow, 104 F.3d 926, 936 (7th Cir. 1997) (quoting Emerson v. Gramley, 91 F.3d 898, 900

---

[2] Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214.

(7th Cir. 1996), cert. denied, 520 U.S. 1122 (1997)); see also Houchin v. Zavaras, 107 F.3d 1465, 1470 (10th Cir. 1997) ("AEDPA increases the deference to be paid by the federal courts to the state court's factual findings and legal determinations.").

**Ineffective Assistance of Trial Counsel**

As the basis for his claim of ineffective assistance of trial counsel, the petitioner asserts: (1) that he was denied effective assistance of counsel by the denial of a request for an adjournment of the trial to review taped phone conversations between the petitioner and his girlfriend (the mother of the victim); and (2) trial counsel's failure to renew a previous motion for a trial order of dismissal after the defense rested.

To establish his claim for constitutionally ineffective counsel, petitioner must prove two elements: (1) "the attorney's performance fell below an objective standard of reasonableness" and (2) "the outcome of his case would have been different had the attorney performed adequately." U.S. v. Perez, 129 F.3d 255, 261 (2d Cir. 1997) (internal citation omitted). The petitioner has a heavy burden in establishing the first element, as "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). "The proper standard for attorney performance is that of reasonably effective assistance." Id. at 687. "The performance inquiry is contextual." Purdy v. U.S., 208 F.3d 41, 44 (2d Cir. 2000). "No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." Strickland, 466 U.S. at 688-89. Review of attorney conduct must not be

based on hindsight.  Id. at 689.  An attorney who forgoes other potentially successful strategies is not constitutionally ineffective on that ground and a court must presume that, "under the circumstances, the challenged action might be considered sound trial strategy." Id. After establishing "cause," a petitioner must then establish that he was actually prejudiced by these errors.  "[E]rror by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691.  "To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Knowles v. Mirzayance, --- U.S. ----, 129 S.Ct. 1411, 1422 (2009); Sanders v. U.S., 2009 WL 2242302, *3 (E.D.N.Y. 2009).

In the instant case, it appears that on the eve of trial the prosecution disclosed the existence of various taped phone conversations between Delatorres and the victim's mother.  The petitioner does not articulate any specific prejudice stemming from the alleged late disclosure of the tape recordings.  The petitioner does not identify any specific exculpating evidence in the recordings which he was not able to use at trial due to the late disclosure.  Thus, the petitioner has failed to articulate the basis for a conclusion that his rights under Brady v. Maryland, 373 U.S. 83 (1963) were violated.  Further, inasmuch as the tape recordings were not mentioned or introduced at trial (by either party),[3] the plaintiff has not articulated any prejudice resulting from the denial of trial counsel's request for an adjournment.

---

[3] See Brief for Respondent to the Fourth Department, attached as Exhibit C to the State Court Records, at page 9).

The petitioner raised this issue upon direct appeal. The Fourth Department held:

> Defendant failed to establish that the People violated CPL 240.20 and, even assuming, *arguendo*, that there was a violation, we conclude that reversal based on that alleged violation would not be required. "The People's delay in complying with the provisions of CPL 240.20 constitutes reversible error . . . only when the delay substantially prejudices defendant," and here defendant failed to establish that he was substantially prejudiced by the delay (People v. Benitez, 221 A.D.2d 965, 966, *lv denied* 87 N.Y.2d 970; see also People v. Welch, 281 A.D.2d 906, *lv denied* 97 N.Y.2d 734; People v. Pagano, 135 A.D.2d 1102, *lv denied* 71 N.Y. 2d 1031).

The state court ruling is neither contrary to federal law as determined by the Supreme Court of the United States, nor an unreasonable determination of the facts. 28 U.S.C. 2254(d)(1) & (2).

The petitioner's claim that habeas corpus relief is warranted due to counsel's failure to renew her motion to dismiss at the conclusion of the defense case similarly lacks merit. The petitioner fails to demonstrate that the outcome would have been different had the renewed motion been made. Upon motion of the defendant the trial court *may* issue a trial order of dismissal "dismissing any count of an indictment upon the ground that the trial evidence is not legally sufficient to establish the offense charged therein or any lesser included defense . . . ." N.Y.C.P.L. § 290.10(1). The trial record includes the testimony of two witnesses to the assault including the victim. There was medical and forensic evidence consistent with the interpretation of the facts as presented by the prosecution. The aunt of the victim testified that, only hours after the incident, Delatorres repeatedly told her that he had "screwed up" and was contemplating suicide as a result. The petitioner's own statement to the police contains significant admissions to some of the alleged behavior.

The petitioner has not articulated a basis upon which it could be concluded that a renewed motion to dismiss at the conclusion of the defense case would have been successful.

Considering the alleged deficiencies both separately and collectively, the petitioner has failed to establish that trial counsel was ineffective.[4]  Based on the foregoing, the petition for habeas corpus relief based upon ineffective assistance of trial counsel should be denied.

**Ineffective Assistance of Appellate Counsel**

The petitioner argues that appellate counsel was ineffective because appellate counsel did not address the procedural bar resulting from the trial counsel's failure to preserve the following issues on appeal: (1) that the petitioner's statement to the police at the time of his arrest should not have been admitted at trial; (2) that the prosecution violated discovery rules under N.Y.C.P.L. § 240.20; and (3) that the evidence was insufficient to support his convictions on two of the counts.

A claim of ineffective assistance of appellate counsel is reviewed using the same Strickland standard as is used in a claim of ineffective assistance of trial counsel. See Smith v. Robbins, 528 U.S. 259 (2000).  First, he must show that appellate counsel was objectively unreasonable in failing to raise a particular issue on appeal. It is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not

---

[4]  In coming to such a conclusion as to trial counsel, the Court also considered the allegations asserted by the petitioner in support of his claim of ineffective assistance of appellate counsel inasmuch as Delatorres asserts that appellate counsel failed to address the failure of trial counsel to preserve various issues for appeal.  As discussed below, those claims lack merit.  Thus, considering all of the purported deficiencies, separately and collectively, the petitioner has failed to demonstrate that he was denied effective assistance of counsel at trial.

have a duty to advance every nonfrivolous argument that could be made. See <u>Mayo v. Henderson</u>, 13F.3d 528, 533 (2d. Cir. 1994) citing <u>Jones v. Barnes</u>, 463 U.S. 745, 754, 103 S.Ct. 3308, 3314, 77 L.Ed.2d 987 (1983). Second, he must prove that he was prejudiced by counsel's deficient performance, in other words, a petitioner must show that there was a reasonable probability that his appeal would have been successful had the omitted claims been presented to the state court. See <u>Mayo</u>, 13 F.3d at 533; <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000); <u>Aparicio v. Artuz</u>, 269 F.3d 78, 95 (2d Cir. 2001).

In the instant case, the petitioner has failed to demonstrate that any of the alleged deficiencies attributed to appellate counsel would have resulted in a reasonable probability of success upon appeal in the state court. Although the Fourth Department noted that the petitioner had failed to preserve his claims under §240.20 and as to the sufficiency of the evidence, the appellate court also decided both issues on the merits. With respect to Delatorres' §240.20 claim, after noting the failure to preserve, the Fourth Department held:

> In any event, defendant failed to establish that the People violated CPL §240.20 and, even assuming, arguendo, that there was a violation, we conclude that reversal based on that alleged violation would not be required. "The People's delay in complying with the provisions of CPL §240.20 constitutes reversible error ... only when the delay substantially prejudices defendant," and here defendant failed to establish that he was "substantially prejudice[d]" by the alleged delay.

(Docket No. 1 at page 10-11)(citations omitted).

Similarly, as to the sufficiency of the evidence, again after noting the failure to preserve, the Fourth Department ruled:

> In any event, the evidence is legally sufficient to support the conviction and contrary to defendant's further contention, the

10

verdict is not against the weight of the evidence."

(Docket No. 1 at page 11)(citations omitted.).

Although the Fourth Department did not address the merits of the petitioner's claim that the trial court erred in admitting the petitioner's written statement, the petitioner has not established any prejudice resulting from the admission of the statement. Delatorres' statement does not contain an admission of any wrong doing, but instead, accused the victim's grandmother of orchestrating the charges against him in an attempt to end his relationship with her daughter. The record reflects that trial counsel's strategy included the use of this statement. Defense counsel did not move to suppress the statement pre-trial, did not object to the introduction of the statement at trial, and in fact utilized the statement in her summation. (T. 756-757). The defense argued that the statement actually corroborated their contention that the evidence was insufficient to support a conviction on three of the indicted counts. In fact, trial counsel advised the Court that she did not want the final jury instructions to include an Miranda issues. (T. 715). The defense strategy appears to have been to minimize the alleged conduct, in the hopes that the jury would acquit on some of the indicted counts. Although trial counsel's strategy was unsuccessful, the Court cannot conclude that counsel's performance fell below the standard set forth in Strickland and its progeny. "An attorney who presents a well grounded but unsuccessful defense, will not later be held to have provided ineffective assistance of counsel . . . ." People v. Baldi, 54 N.Y.2d 137 (1981). Even though counsel's strategy was ultimately unsuccessful, that fact does not render his assistance constitutionally ineffective.") (citing United States v. DiTommaso, 817 F.2d 201, 215 (2d Cir.1987) ("We will not second-guess trial counsel's defense strategy simply because the chosen strategy has failed"); see also Bryant v. Lempke, 2010 WL 3063073

(W.D.N.Y. 2010)(Telesca, J.).

Based on the foregoing the petition for habeas corpus relief based upon ineffective assistance of appellate counsel should be denied.

**Conclusion**

Based on the above, the petition for a habeas corpus relief is denied.

Furthermore, inasmuch as the petitioner has not made a substantial showing of the denial of a constitutional right; or that reasonable jurists could debate whether the petition should have been resolved in a different manner; or that the issues presented are adequate to deserve encouragement to proceed further; a certificate of appealability will not issue. Love v. McCray, 413 F.3d 192 (2d. Cir. 2005); see 28 U.S.C. § 2253(c)(2). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this order *in forma pauperis* would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
March 29, 2011